SPENCER KELLOG & SONS, INC. *vs.* PROVIDENCE CHURNING CO.

JUNE 12, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Contracts. Damages.*

In an action for breach of contract in refusing to accept goods, in accordance with the terms of the contract, as the goods in question were a staple article, seller was at liberty to purchase the goods to fill the contract, if the cost of manufacture was more than the market price, and charge that the measure of damages was the difference between the contract price and the market price and that the cost of production was immaterial, was proper; the contract being a New York contract and the laws of that State being applicable.

*(2)   Contracts.   Principal and Agent.   Notice.*

Notice to an agent is not notice to the principal except as to matters within the actual or apparent scope of the agent's authority.

*(3)   Contracts.   Interest.*

In an action for breach of contract in refusing to accept goods, where at the time of the breach the computation of damages could easily have been made, charge that the jury if they found for plaintiff could charge interest from the time of the breach and if they could not ascertain the time of such breach, then from the date of the writ was proper.

*(4)   Contracts.   Admissions.*

Statement by agent of seller that it could not deliver any better goods than it was delivering, is not an admission that seller could not deliver merchantable goods within the terms of the contract.

*(5)   Contracts.   Installment Contracts.*

Where contract provided for delivery by "stated installments" under sec. 126 of the New York Sales Act, in case of defective delivery of an installment, it depends on the terms of the contract and the circumstances of the case, whether the breach is so material as to justify the injured party in treating it as a breach of the entire contract or whether the breach is severable.

*(6)   Contracts.   Burden of Proof.*

Where buyer is attempting to justify its refusal to take more goods under a contract on the ground that some of the goods delivered were of an inferior grade, the burden is on buyer to prove that fact.

*(7)   Contracts.   Evidence.*

Refusal to permit witness to testify from a memorandum concerning the accuracy of which he had no knowledge, was proper.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

RATHBUN, J.   This is an action to recover damages for breach of contract by refusing to take goods in accordance with the terms of the contract.   The trial in the Superior Court resulted in a verdict for the plaintiff for $12,113.85. The defendant made a motion for a new trial on the usual grounds.   The trial justice refused to disturb the verdict of the jury that the defendant was liable but held that the amount of damages awarded was not supported by the evidence and granted a new trial unless the plaintiff should remit all damages in excess of $12,097.   The plaintiff filed a remittitur and the case is before us on the defendant's exceptions to the refusal of said justice to grant a new trial

without condition, also on certain exceptions of the defendant taken during the trial.

On July 23, 1919, the parties entered into a contract in writing binding the plaintiff to sell and the defendant to purchase 1,000 barrels of edible grade cocoanut oil at 23c per pound, f. o. b. Edgewater, N. J.   The contract contained a clause as follows:   "Failure to deliver any installment of Oil shall not be a breach hereof as to other installments. . . .   Shipments to be made during the periods mentioned on back of this contract, and each delivery on account of this Contract shall constitute a separate purchase."   On the same date the parties entered into a second contract in writing for the sale and purchase of 500 barrels of the same kind of oil.   The price and dates for delivery were different but otherwise the terms and provisions of the two contracts were the same.   It was understood that the oil was purchased to be used in the manufacture of nut margarine.   The defendant received and used 974 barrels delivered on the first contract and then, contending that the plaintiff had broken the contract by delivering oil of an inferior quality, refused to take any more oil.   Soon after the contracts were entered into the market price of oil dropped.   The plaintiff is seeking to recover damages sustained by reason of the defendant's refusal to take the balance of the oil.

(1) The defendant's sixteenth exception is to a charge of the trial justice that the measure of damages is the difference between the contract price and the market price and that the cost of production is immaterial.   Edible cocoanut oil of the quality specified in the contracts is a staple article. If the cost of manufacturing the oil was more than the market price in Edgewater, N. J., the plaintiff was at liberty to purchase oil to fill the contracts.   The contracts having been made in New York the laws of that state are applicable.

Section 145 of the New York sales act provides as follows:

"1.   Where the buyer wrongfully neglects or refuses to accept and pay for the goods, the seller may maintain an action against him for damages for nonacceptance." . . .

"3.   Where there is an available market for the goods in question, the measure of damages is, in the absence of special circumstances, showing proximate damage of a greater amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted, or, if no time was fixed for acceptance, then at the time of the refusal to accept."

The defendant's seventh, sixteenth, twentieth and twenty-first exceptions are overruled.

The fifteenth exception is to granting the plaintiff's request to charge, as follows:   "You are hereby instructed that even if you believe the testimony of Mr. Sherman that he gave the defendant's check to Mr. Medbury as part of an agreement that the plaintiff company would cancel all claims against the defendant for the balance of oil due under these two contracts, yet this is immaterial unless you are satisfied that the defendant has proved that Mr. Medbury was authorized by the plaintiff company to enter into such an agreement in its behalf, or that the plaintiff has in some way ratified the making of such an agreement."

The defendant's manager testified that he gave Medbury the plaintiff's agent, a check for $8,060.20 (the balance due the plaintiff for oil delivered providing none of the oil delivered was defective) with the understanding that Medbury would have the two contracts cancelled.   Medbury denied this testimony.   All the testimony on the question was to the effect that Medbury was without actual or apparent authority to cancel contracts.   It is suggested in the defendant's brief that notice to Medbury was notice to the plaintiff and that the check was received in accord and satisfaction.   Notice to an agent is not notice to the principal except as to matters within the actual or apparent scope of the agent's authority.   Clark & Skyles on the Law of Agencies.   I, Sec. 474, 479.   The fifteenth exception is overruled.

(3)   The fourteenth exception is to a charge relative to the plaintiff's right to recover interest.   The charge was to the

effect that, if the plaintiff was entitled to recover, the damages would be the difference between the market price and the contract price 'and that the jury might charge the defendant with interest from the time the contracts were broken, and if they could not find when the contracts were broken then from the date of the writ. There was no dispute as to the contract price and it was stipulated that the market price at the time when the contracts were broken was 18c per pound. The defendant at the time of the breach could have readily ascertained the market value of the oil and the computation of damages would have been a simple problem. The rule in New York is stated in *Faber* v. *City of New York*, 222 N. Y. 255, 118 N. E. 608, as follows: "Today, however, it may be said that if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowed from that day. The test is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum? Should the defendant have paid it? Could the latter have determined what was due, either by computations alone or by computation in connection with established market values, or other generally recognized standards?" See also, *Dary* v. *Prov. Police Ass'n.* 27 R. I. 377, at p. 385; *Bright* v. *James,* 35 R. I. 492, p. 495–6; *Durfee* v. *O'Brien,* 16 R. I. 213; *Spencer* v. *Pierce,* 5 R. I. 63, 71. The fourteenth exception is overruled.

(4)    The twelfth exception is to the charge that the burden was upon the defendant to satisfy the jury by a fair preponderance of the evidence that inferior oil was delivered in such quantities as to constitute a breach of contract. The defendant contends that the plaintiff's agent stated that it could not deliver any better oil than it was delivering. If this statement was made, it was not an admission, as the defendant contends, that the plaintiff could not deliver good oil. The plaintiff always contended that it was delivering the grade of oil specified in the contracts. The defendant further contends that the delivery of any inferior oil was a

(5) breach of an implied warranty and was sufficient to avoid the contract. The defendant appears to overlook the fact that the contracts provided for deliveries by "stated installments." Section 126 of the New York sales act provides, as follows: "2. Where there is a contract to sell goods to be delivered by stated installments, which are to be separately paid for, and the seller makes defective deliveries in respect of one or more installments . . . it depends in each case on the terms of the contract and the circumstances of the case whether the breach of contract is so material as to justify the injured party in refusing to proceed further and suing for damages for breach of the entire contract, or whether the breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken." Birdseye, Cumming & Gilbert's Consol. Laws of N. Y. Vol. 5, pp. 6250 Sec. 126. See also Gen. Laws of R. I. 1909, Chap. 263, Sec. 5. The defendant suggests that the burden was upon the plaintiff to prove that the undelivered oil was not inferior in quality. This question was not involved in the charge under consideration.

(6) The defendant in attempting to justify its refusal to take more oil attempted to prove that some of the oil which was delivered was of an inferior grade. On this phase of the case the burden was upon the defendant to prove that inferior oil was delivered. The twelfth exception is overruled

The ninth exception is to the refusal to admit testimony. The witness was asked to testify from a memorandum con-
(7) cerning the accuracy of which he had no knowledge. The ninth and seventeenth exceptions are overruled.

The twenty-second exception is to the refusal of the trial justice to grant a new trial. We find no reason for disturbing the verdict of the jury which on the question of liability has the approval of said justice. The damages as reduced are not excessive. The twenty-second exception is. overruled.

The remaining exceptions are without merit and are overruled.

All of the defendant's exceptions are overruled and the . case is remitted to the Superior Court with direction to enter judgment on the verdict as reduced by the trial court.

*Gardner, Moss & Haslam,* for plaintiff.

*William S. Flynn, McGovern & Slattery, Fred B. Perkins,* for defendant.