## Eva Beaudoin vs. Eugene Beaudoin.

JUNE 14, 1957.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

Andrews, J. This is a bill in equity for the cancellation of two deeds or in the alternative to declare that the respondent holds an undivided half interest in certain real estate located on Whitehall street in the city of Providence for the benefit of the complainant. The cause was heard in the superior court on bill, answer and proof and a decree was entered denying and dismissing the bill. From this

decree the complainant has appealed to this court giving as reasons therefor that the decree is against the law, against the evidence, and against the law and evidence, and is not consistent with, and is in contradiction of, the facts as disclosed in the transcript.

The bill of complaint alleges that the parties have been divorced; that on December 15, 1923 the real estate in question was conveyed to them as joint tenants; that in 1932 respondent represented to complainant that it was in the best interest of the parties to have the property conveyed to a "straw purchaser," Ernest Blanchette; that complainant and her husband signed the deed to such purchaser, but "that she at no time intended to permanently rid herself of any interest she might have in said real estate"; and that four days later the "straw purchaser" reconveyed the property to respondent alone. The respondent filed an answer denying the allegations in the second paragraph and left the complainant to her proof as to the other allegations.

When the cause came on for hearing the respondent admitted the purchase of the property and the conveyances in 1932. At the beginning of the hearing, after the trial justice listened to counsel he asked if there were any allegations of deception, deceit, fraud or circumvention, and counsel for complainant replied that he had been very careful not to allege fraud, but relied upon the allegation which we have quoted above and the unconscionable conduct of respondent. The respondent's attorney pointed out that there was no allegation of such conduct and that is the fact. The parties then proceeded with the hearing.

The complainant testified that respondent promised that the property would be reconveyed to both of them; that she contributed to the purchase price of this property; and that Ernest Blanchette admitted to her before he died that he had taken part in the transaction, but that he needed the $50 which respondent gave him. However it is not clear as to when he made that statement. She also testified that

she had repeatedly asked respondent to reconvey the property but that he had continued to put her off. As a reason for not bringing action against him earlier she referred to the fact that she had children, but it does not appear that they were dependent upon either of the parties for support. She admitted that she had left respondent twice but did not attribute it to the trouble over this property.

The complainant's granddaughter testified as to Mr. Blanchette telling about the deal he had put over with respondent concerning the property. The complainant also called the thirty-two-year-old son of the parties who testified that when he was playing in the orchestra at the wedding of Ernest Blanchette, after Blanchette had a few drinks, he said: "It's too bad what happened to your mother, what I did, and I feel pretty bad about it." The son also testified that when his mother asked respondent to change the Whitehall street house to her name, his father would say: "We'll fix it next month."

The respondent testified that complainant did not put any money into the property; that he never promised to have the property in question reconveyed to them jointly; that she had access to the deeds, which were in the house all the time; that she was familiar with and assisted him in his real estate deals; and that she freely joined in mortgages on this property while it was standing in his name alone. In response to the following question: "Did you ever tell her that you would give back this property into her name at 12 and 14?" he answered: "No, she never ask me nothing about it; she know she's got the name on two more property, and she never talk about that because we bought some money on #12 and 14 Whitehall Street for put on the other house, and we got it in her name." The respondent further testified that when it turned out that Ernest Blanchette could not raise the purchase price, he deeded back the property to respondent.

In his oral decision the trial justice pointed out that the

only ground for relief is the one we have quoted above and that complainant had actually signed the deed to Mr. Blanchette. The deed is in evidence and she acknowledged the same before a notary public as her free act and deed. The trial justice also expressed dissatisfaction with her lack of frankness and characterized her testimony as slight and the admissions furnished by the other two witnesses as vague and indefinite.

While it might be said there was some evidence, if believed, of inequitable conduct on the part of respondent this was not an alleged ground for relief. In *Votolato* v. *McCaull,* 80 R. I. 301, which was a bill in equity to set aside a deed, the court stated at page 305: "However; no such allegation appears in the bill expressly or by reasonable inference and without it no proof of such fact is permissible, since it is a fundamental principle applicable both in law and equity that what is not alleged may not be proved. *Dolan* v. *Dolan,* 78 R. I. 12; *Atlantic Fire & Marine Ins. Co.* v. *Wilson, Gall & Co.,* 5 R. I. 479. For this reason such evidence is not probative of any cause for relief alleged in the bill and must be disregarded. Therefore since there is no allegation therein of inequitable conduct on the part of respondent, the trial justice did not err in denying and dismissing the bill although he did not base his decision on the above grounds."

Furthermore, complainant did not satisfy the burden of proof. In *Dante* v. *Quilietti,* 71 R. I. 4, which was also a bill in equity for cancellation of a deed, the court, at page 9, stated: "Where the relief sought is the cancellation of an instrument, the complainant must establish his right thereto by a preponderance of clear and convincing evidence. * * * In reaching a decision in such a case, the probabilities or improbabilities disclosed by the evidence, especially if the ultimate conclusion depends upon the credibility that is attached to the testimony of parties or witnesses, are important factors for court or jury to consider."

The complainant is under the duty to convince us that the trial justice was clearly wrong. This she has failed to do.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

FLYNN, C. J., did not participate in the decision.

*Anthony Grilli, Nathan Perlman,* for complainant.

*Everard Appleton,* for respondent.