220 A.2d 231.

Richard Paolantonio *vs.* Evans Plating Co.

JUNE 15, 1966.

Present: Roberts, C. J., Paolino, Powers and Joslin, JJ.

Joslin, J. This is an appeal from a decree of the workmen's compensation commission affirming a decree in which a trial commissioner denied and dismissed an employee's

original petition for compensation benefits on the ground that he had failed to establish by a fair preponderance of the credible evidence his allegations that his disabling hernia was work-connected and either traumatic or occupational in origin.

The obligation of the full commission when it reviews a decree of a trial commissioner is to consider and decide all questions raised by the appellant's reasons of appeal. *Cairo v. Sayles Finishing Plants, Inc.,* 83 R. I. 297, 302; *McCoy v. Cataldo,* 90 R. I. 365, 373. While the decree of the full commission in this case purports to affirm all of the trial commissioner's findings of fact, it does not stand alone but must be construed in the light of the decision on which it is predicated. *Gray v. Kagan,* 87 R. I. 264; *Balcom v. Providence Sheraton Corp.,* 98 R. I. 357, 201 A.2d 913. So construed it is apparent that there is at least serious doubt, if not certainty, that the full commission, although it found that the employee's incapacity was not caused by a traumatic incident, failed to consider the employee's additional contention brought to it by a specific reason of appeal that the causative was occupational in origin. That failure necessitates a remand for the purpose of enabling the full commission to make a full review of the decree of the trial commissioner in accordance with the requirements of law.

The petitioner's appeal is sustained, the decree appealed from is reversed without prejudice, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Joseph G. Miller, Robert L. Kiernan,* for petitioner.

*Joseph A. Kelly,* for respondent.