231 A.2d 5.

IRENE ROMANO *vs.* JOHN J. HALL, *Director of Labor, Adm'r of the Second Injury Indemnity Fund, et al.*

JUNE 30, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   The petitioner brought this petition for benefits under the second injury indemnity fund[1] against her employer's insurance carrier and the director of labor.[2] After a hearing, the trial commissioner ordered the insurance carrier to make certain payments in accordance with the pro-

---

[1]We shall hereinafter refer to the second injury indemnity fund as "the fund." Section 28-37-8 reads as follows:

"Continuance of payments to totally incapacitated persons.—In addition to any other payments authorized to be made from the fund established under §28-37-1, payments from the fund shall be made for the continuance of compensation and medical expenses at his or her prevailing rate to any employee who subsequent to January 1, 1940 has suffered an injury resulting in his receiving compensation payments for total incapacity and such incapacity has continued or will continue beyond the maximum period of payment for total incapacity provided under chapters 29 to 38, inclusive, of this title. Such payments for continuing total incapacity shall be made from the fund until the employee's total incapacity has ended or until his death, provided, however, no payment shall be made under this section to an employee whose future payments of compensation have been commuted to a lump sum; and provided, further, that the death of such employee from any cause terminates the right to any further compensation under this section."

[2]Hereinafter referred to as "the director."

visions of G. L. 1956, §28-37-9, as amended, and §28-33-5, as amended. He also ordered the director to reimburse the insurer out of the fund for all payments made by the insurer as provided for in §28-37-9, as amended. The case is before us on the director's appeal from a decree of the full commission affirming the decree of the trial commissioner.[3]

The pertinent facts are as follows. On May 24, 1956, petitioner sustained a compensable back injury while in the employ of Gordon Ltd., which was insured by the United States Fidelity & Guaranty Company. On July 18, 1956, petitioner filed a petition docketed as W.C.C. No. 4199 for benefits under the act, and on October 16, 1956, she and her employer, acting through its insurance carrier, entered into a preliminary agreement providing for the payment of benefits for the duration of total incapacity.

On December 3, 1957, she was involved in an automobile accident while being transported, along with other injured employees to the Curative Center, in a motor vehicle operated by one Louis Gay. She thereafter brought an action at law in the superior court against Mr. Gay for personal injuries in which the bill of particulars alleged that the injuries resulting from such accident were permanent. This action was docketed as Civil Action 145919 in the superior court.

On April 15, 1959, petitioner filed a petition docketed as W.C.C. No. 9349, seeking an amendment of the preliminary agreement and permission for hospitalization and medical treatment. On July 2, 1959, she filed another petition, docketed as W.C.C. No. 9802, praying for an order for medical payments. This petition was subsequently consolidated with W.C.C. No. 9349 for trial purposes and on November 12, 1959, a decree was entered on each petition. The de-

---

[3]On January 31, 1967, we entered an order granting petitioner's motion to compel the director to make payments in accordance with the provisions of §28-35-33 pending the instant appeal.

cree in No. 9349 amended the preliminary agreement with relation to the nature and location of petitioner's injuries and ordered the employer to pay for hospitalization and further medical services. The decree in No. 9802 ordered the payment of certain hospital and medical bills.

The petitioner settled her claims in the negligence action against Mr. Gay and executed a general release dated March 18, 1960, indicating that she received the sum of $2,000 for her injuries and that her husband received an additional sum of $1,000 for consequential damages.

Subsequently, petitioner filed another petition, docketed as W.C.C. No. 60-2493. A decree dated April 6, 1961, was entered in this proceeding further amending the preliminary agreement with respect to the nature and location of her injuries. This decree contained a finding of fact that "The petitioner has proved by clear and convincing evidence that the preliminary agreement does not fully and accurately set forth all of the injuries sustained by the petitioner on May 24, 1956." The decree also ordered the employer to pay all reasonable medical and hospital bills.

The insurance carrier paid petitioner compensation benefits for total incapacity commencing May 25, 1956, until December 22, 1965, at which time the insurer had paid the $16,000 maximum required of it under §28-33-17, as amended. The petitioner then made demand upon the director for benefits under the fund. Although petitioner's total incapacity for work at all times relevant herein is not in dispute, the director refused petitioner's request on the ground that she was not then totally incapacitated for work by reason of the May 24, 1956 injury, but rather by reason of the injury sustained in the December 3, 1957 automobile accident.

On February 7, 1966, petitioner filed the instant petition in accordance with the provisions of §28-37-6. The papers in Civil Action 145919 and the release executed by peti-

tioner in that case are in evidence. The files in W.C.C. Nos. 4199, 9349, 9802 and 60-2493 were made part of the record at the hearing before the trial commissioner. The hospital records and medical reports were also introduced in evidence.

Doctor Herman Kabat, a qualified specialist in physical and rehabilitative medicine, appeared as a witness for petitioner. He testified: that he had taken care of her over a period of many years, having first examined her in December 1957; that in his opinion she has been totally disabled since May 1956; that the effects of the injuries received in the automobile accident were minimal and not permanent in nature; that after several months, during which petitioner received medical attention, she reverted to her former condition; that even if she had not been involved in the automobile accident, she would still be totally incapacitated as a result of the work-connected injury on May 24, 1956; and that she still needed medical care to cure, rehabilitate and relieve her from her injuries.

The director presented no evidence other than the papers in Civil Action 145919 and the general release executed by petitioner in that case.

In his decision the trial commissioner expressly rejected the director's contention that petitioner's capacity for work was materially affected by the effects of the injuries she received in the automobile accident and stated that he was satisfied from Dr. Kabat's testimony that such injuries were not permanent or serious in nature. He accepted Dr. Kabat's testimony, and on the basis of such testimony and of the hospital and medical reports, he made the following pertinent findings of fact—that petitioner had been totally incapacitated for work from the effects of the May 24, 1956, injury as recited in the preliminary agreement, as amended, and that such total incapacity has not diminished since such date; that her disability, if any, from the effects of the injuries suffered in the automobile accident did not con-

tribute to her total incapacity for work since May 24, 1956; and that she was in need of further medical and allied services in order to relieve, cure and rehabilitate her from the effects of the injuries sustained on May 24, 1956. A decree containing his findings of fact together with orders based thereon was entered. From such decree the director appealed to the full commission.

In its review of the decree of the trial commissioner upon the record of the case, after independently examining and weighing the evidence, *Cairo* v. *Sayles Finishing Plants, Inc.*, 83 R. I. 297, 116 A.2d 188, and after considering all questions raised by the director's reasons of appeal, *Paolantonio* v. *Evans Plating Co.*, 101 R. I. 71, 220 A.2d 231, the full commission filed a decision in which it found that the fair preponderance of the evidence supported the findings of the trial commissioner and that the director's reasons of appeal were without merit. A decree based on the commission's findings was entered denying and dismissing the appeal and affirming the findings of fact and orders contained in the decree of the trial commissioner.

The director contends that the settlement of the action at law precludes payments for continuance of compensation and medical expenses under §28-37-8. He relies on §28-35-58, as amended, and our recent decisions in *Travis* v. *Rialto Furniture Co.*, 101 R. I. 45, 220 A.2d 179, and *Colarusso* v. *Mills*, 99 R. I. 409, 208 A.2d 381. This contention is without merit for the reason that the factual situation in the case at bar is not covered by the provisions of §28-35-58 and is materially distinguishable from *Travis* and *Colarusso*.

Section 28-35-58 relates to the liability of third persons for damages where the injury for which compensation is payable under the act was caused during the course of an employee's employment under circumstances creating a legal liability in some person other than the employer to pay damages for such injury. That is not the situation here; the automobile accident in this case did not occur while

petitioner was in the course of her employment and was in no manner connected with her work with her employer.

*Colarusso* and *Travis* involved injuries received by an employee during the course of her or his employment by the alleged negligence of a third party. In *Colarusso, supra,* we held that a prior recovery of compensation benefits by an injured worker will not prohibit suit against the wrongdoer if the employee can establish either that he has agreed with his employer to reimburse him out of any recovery or that his employer has refused to enter into any such agreement. In the latter event, we held that any ultimate recovery should be reduced by the amount of the compensation benefits. In *Travis, supra,* we held that an injured employee who has obtained damages from a third party tortfeasor by way of settlement, in the absence of fraud, is presumed to have been fully compensated for his injury and may not thereafter obtain compensation from his employer for the same injuries.

We have summarized the facts in some detail in order to point out the real issue in the case at bar, namely, the fact question whether petitioner's total incapacity was caused by the May 24, 1956 work-connected injury or whether it was caused by the December 3, 1957 automobile accident. If her total incapacity resulted from the 1956 work-connected injury, she was clearly entitled to benefits under the fund; on the contrary, if the 1957 automobile accident was the cause of her total disability she was not entitled to such benefits.

There is no substantial dispute on this issue. The petitioner presented the uncontradicted testimony of her medical expert to support her position, while the director presented no medical evidence to contradict Dr. Kabat's testimony that, notwithstanding the automobile accident, it was his opinion that her total incapacity was caused by the 1956 injury, and not by the 1957 automobile accident. The testimony of Dr. Kabat is competent evidence to support the

trial commissioner's findings of fact on the issue of causation.

It is clear from all the evidence that the commission was fully warranted in finding that the fair preponderance of the evidence supports the findings of the trial commissioner and in affirming the findings of fact and orders contained in the trial commissioner's decree. Since the statute makes such findings by the commission final, in the absence of fraud we do not disturb its decision. *Costa* v. *Cars, Inc.*, 100 R. I. 682, 219 A.2d 122.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.*, for petitioner.

*Herbert F. DeSimone*, Attorney General, *Charles G. Edwards*, Assistant Attorney General, for respondent.