232 A.2d 371.

PLANTATIONS BANK OF RHODE ISLAND *et al. vs.*
LAWRENCE G. DESORMIER, *d.b.a.* L. G. DESORMIER
ROOFING CO.

JULY 25, 1967.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

PAOLINO, J. This bill in equity[1] presents a situation in which the drawer of a check stopped payment thereon, and subsequently the bank, through mistake, certified the check to the payee, who then deposited it in his own bank. The bill, insofar as pertinent here, prays that the certification be cancelled. The cause was heard by a justice of the superior court on bill, answer and proof, after which a decree was entered granting the plaintiffs' prayer for the cancellation of the certification. The case is before us on the defendant's appeal from such decree.

This appeal presents a question of first impression in this state, namely, whether a bank which by mistake certifies a check upon which payment has previously been stopped can revoke the certification upon discovery of its error.

The evidence presented by plaintiffs is in substance as follows. On November 20, 1961, Berry-Hill drew a check for $1,666.32 on plaintiff bank, and payable to defendant. On November 21, 1961, Berry-Hill stopped payment on the check. On the next day defendant sought certification of the check at a branch office of plaintiff bank, and, due to a mistake, overlooking the stop-payment notice, the check was erroneously certified. On November 23, 1961, the bank discovered its error and notified defendant that the check was certified over a stop-payment order and that it was going to stop payment on the check, but defendant told the bank that he was going to deposit it in the Citizens Trust Company.

The defendant's evidence is in substance as follows. He testified that on November 22, 1961, after the check was

---

[1]Although the proceedings in the superior court were completed prior to January 10, 1966, the effective date of the new rules of civil procedure of the superior court, the hearing in this court was held thereafter. In the circumstances we will use the new terminology where practical. We shall refer to complainants as "plaintiffs," to respondent as "defendant," to complainant bank as "plaintiff bank" and to complainant Berry-Hill Corporation as "Berry-Hill."

certified, he showed it to Milton Wallace of Wallace's Welding & Ornamental Iron Works. He told Mr. Wallace that he would give him this check as a deposit; and that he then entered into a contract with Wallace whereby the latter was to fabricate a tank for him for the sum of $4,300. On November 24, 1961, he deposited the check in his checking account at the Citizens Trust Company and on November 27, 1961, he first received notice of the stop-payment order when his bank returned the check to him with the stop order attached.

An officer of Citizens Trust Company testified that Citizens received the check and notice of stop payment from plaintiff bank on November 27, 1961. It also appears from the record that defendant's account was at no time overdrawn after plaintiff bank refused to honor the check in question and Citizens debited his account.

After the hearing the trial justice rendered a bench decision finding that "* * * the certification of said check was made in error and that the interest of no third party has been harmed in any manner." Accordingly, he ordered the entry of a decree canceling the certification.

The defendant has briefed and argued his appeal under two main points. There is no merit in his contention under point I that the decree is against the evidence and the weight thereof. When the decree is read in the light of the decision on which it is based, *Paolantonio* v. *Evans Plating Co.*, 101 R. I. 71, 220 A.2d 231, it is apparent that the trial justice relied on plaintiff's evidence that Berry-Hill had presented a stop order to plaintiff bank on November 21, 1961; that the subsequent certification of the check was made in error; and that the rights of third parties had not intervened.

Although defendant testified that he told Mr. Wallace he would give him the certified check as a deposit on the contract, the undisputed evidence is that he deposited the check in his own account. In the circumstances it is reason-

able to infer that the trial justice gave no weight to defendant's attempt to establish that he had entered into the contract with Wallace in reliance on the certified check.

The findings of a trial justice sitting in equity will not be disturbed by this court unless shown to be clearly wrong. *Cianciarulo* v. *Tarro,* 92 R. I. 352, 168 A.2d 719. The burden is on defendant in the case at bar to establish that the trial justice was clearly wrong or that he overlooked or misconceived material evidence. After examining the evidence, it is our opinion that defendant has not sustained that burden.

Under point II defendant argues that the decree is against the law. Although the question raised by this appeal is one of first impression in this state, the weight of authority, as well as what in our opinion are the better-reasoned decisions, hold that a bank may cancel or rescind its certification of a check where such certification is made because of a mistake as to the drawer's account, provided the rights of third persons have not intervened and the situation or rights of the holder have not so changed between the time of the certification and its cancellation as to render it inequitable to permit a revocation. *Dillaway* v. *Northwestern National Bank,* 82 Ill. App. 71; 5B Michie, Banks and Banking, ch. 9, §256e, p. 25; 78 Banking Law Journal, §7.10, p. 382. See also annot. in 29 A.L.R. 140.

We adopt the majority rule where the bank gives immediate notice of mistake in certification, and no change in circumstances has occurred by reason of the mistaken certification. See *Baldinger & Kupferman Mfg. Co.* v. *Mfrs'- Citizens' Trust Co.,* 156 N. Y. Supp. 445, 446; *Condenser Service & Engineering Co.* v. *Mycalex Corp. of America,* 7 N. J. Super. 427, 71 A.2d 404; *Chase National Bank* v. *Battat,* 105 N.Y.S.2d 13; *Freistat* v. *Ind. Bank of Commerce,* 186 N.Y.S.2d 768.

In such circumstances the certification does not release the drawer from liability on the check, for the reason that he has himself created the situation by stopping payment

before the mistaken certification is made. *Condenser Service & Engineering Co., supra; Baldinger & Kupferman Mfg. Co., supra.*

We point out that our decision in this case does not apply when the stop-payment notice is received by the bank after the certification is executed. See *Condenser Service & Engineering Co., supra,* at page 406.

Nor does the payee's depositing a certified check in his own account for collection constitute a transfer to a third party. The depositor bank in such a situation acts only as the agent of the payee for collection. See *Security Savings & Trust Co.* v. *King,* 69 Ore. 228, 231, 138 P. 465, 466, where the court said:

> "1. The rule is well established that, where a check or other negotiable paper is deposited with a bank for the purpose of collection, the relation of principal and agent is thereby created between the depositor and the bank * * *.
>
> "* * *
>
> "4. Where a bank certifies a check by mistake, it may correct the same by immediately notifying the holder, and before the check has passed from his hands to a *bona fide* owner * * *."

The evidence here meets the tests of the rule which we follow and supports the findings prerequisite to the application of such rule. The certification was made by error *after* the stop-payment order was given by Berry-Hill; the rights of third parties have not intervened; defendant's position has not been prejudiced by any change in circumstances; the bank gave defendant immediate notice that the check had been certified by error over the stop-payment order; and the check did not leave defendant's hands and come into the possession of a bona fide holder for value. In our opinion plaintiffs have sustained their burden of proof, in the court below, by a preponderance of clear and convincing evidence. *Beaudoin* v. *Beaudoin,* 85 R. I. 465, 132 A.2d 834.

570

For the reasons stated we find no error in the decree appealed from.[2]

The defendant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Alan T. Dworkin,* for plaintiffs.

*Anthony DeSimone,* for defendant.

[2]We note that although the complaint in this case was filed after January 2, 1962, the effective date of the uniform commercial code, P. L. 1960, chap. 147, all the events from which the cause of action arose occurred prior thereto. We have therefore treated this appeal without reference to the code and in accordance with the law in effect prior to the adoption thereof. Whether the code has changed the applicable law we do not decide. See P. L. 1960, chap. 147, sec. 6.