568

247 A.2d 296.

JAMES BOYLE & SON, INC. *vs.* NANNI BUILDING COMPANY.

NOVEMBER 6, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action to recover a balance due to the plaintiff as a subcontractor on work awarded by the state of Rhode Island to the defendant as general contractor, together with interest from the time plaintiff completed the work. The case was tried to a superior court justice sitting without a jury and resulted in a decision for the plaintiff in the sum of $7,002.93 plus interest in the amount of $2,836.17. From a judgment of $9,839.10, representing balance and interest, the defendant seasonably appealed to this court.

The record establishes that early in 1958, defendant as general contractor on work at the Theodore Francis Green airport entered into a contract with plaintiff for part of the work, in consideration of which plaintiff was to receive $59,-300. In the course of carrying out its contract, plaintiff was awarded four extras, so-called, for which it was to be paid $4,621. This made for a total undisputed consideration of $63,921.

However, in addition to these four extras which were requested by the state of Rhode Island, plaintiff was awarded an extra by defendant consisting of work which it as general contractor originally reserved to itself. In the estimate on which its bid was predicated defendant set up $4,000 to $4,100 for this work subsequently awarded to plaintiff.

The balance sought to be recovered by plaintiff in the instant action, however, was based on an alleged agreed price of $6,057.

At trial, plaintiff adduced evidence through its engineer that plaintiff started the work in November 1958, on an understanding with defendant's estimator that the agreed price was $6,057; that after very little of the work had been done, the job was held up by cold weather and before it was recommenced in April 1959, defendant's president who was also the company's treasurer, expressly directed plaintiff to complete the job on plaintiff's terms.

The defendant's president in his testimony emphasized that plaintiff was aware that defendant had allotted a maximum of $4,100 for the work in question; intimated that plaintiff would attempt to complete the work for less than the figure it had submitted; but carefully avoided testifying that there was an agreement along such lines.

In reaching his decision the trial justice found that on the reasonably credible evidence, defendant had agreed that plaintiff was to do the work at the price plaintiff was de-

manding. It is fundamental that the findings of a trial justice, sitting without a jury, will not be disturbed by this court unless in making such findings the trial justice has either misconceived or overlooked material evidence. *Plantations Bank of R. I.* v. *Desormier,* 102 R. I. 565, 232 A.2d 371.

The instant defendant, however, does not contend that the trial justice overlooked or misconceived material evidence in finding for plaintiff on the value of the disputed extra. It argues, rather, that the decision of the trial justice crediting plaintiff with an unpaid balance of $7,002.93 is erroneous in that the trial justice overlooked and failed to credit defendant with a payment of $4,636 represented by two checks, one for $3,100 and the other for $1,536.

We are at a loss to understand why this contention is advanced. It is true that there was some confusion about these two checks which resulted from defendant's failure to pay, when due, certain notes issued by it and discounted by plaintiff. No purpose would be served, essential to a clarification of this opinion, were we to review at length the circumstances out of which the confusion arose. Suffice it to point out that in his testimony defendant's treasurer admitted having been credited with the two checks in question.

Moreover, defendant's treasurer also testified that the company had paid plaintiff a total of $63,136.97. As heretofore noted, the undisputed items for which plaintiff was entitled to be compensated amounted to $63,921. When there is added to this figure the $6,057 which the trial justice resolved in plaintiff's favor and $201 interest plaintiff paid on defendant's notes, which the trial justice also awarded and about which there is no question here, the total due to plaintiff for all work amounted to $70,179. Subtracting therefrom defendant's claimed payments of $63,136.97 leaves an unpaid balance of $7,042.03. The trial

justice's decision for plaintiff in the sum of $7,002.93 is an error of something less than $40.00 in defendant's favor. We think it clear then that defendant was not aggrieved by the trial justice's decision as to the unpaid balance.

If not, defendant then contends, it was nevertheless error for the trial justice to include interest from March 1, 1960, rather than from the commencement of the action in November 1965. In support thereof, defendant cites *Spencer* v. *Pierce*, 5 R. I. 63, and other authorities for the proposition that interest, when not stipulated, runs from the day of default, only when the debtor knows precisely what he is to pay and when he is to pay it.

Here, defendant stresses, the amount claimed by plaintiff was in dispute. While it may be that several hundred dollars of the $7,002.93 claim allowed was not due by March 1, 1960, as found by the trial justice, it is clear from the record before us that the amount of interest allowed is substantially correct.

The evidence before the trial justice on the $6,057 special item was open to the inference that the amount in question was due to plaintiff when the work was completed. It is also in evidence that the work was completed later in 1959, and the trial justice stated that he would give defendant the benefit of all doubt by fixing the due date at March 1, 1960. His decision in this regard was not clearly wrong and the allowance of interest on $6,057 from March 1, 1960, finds support in the rule as stated in *Kellog & Sons* v. *Providence Churning Co.*, 45 R. I. 180, 121 Atl. 123.

There remains, however, the question relating to the interest allowed on the difference between the $6,057 which became due March 1, 1960, and the total allowed claim of $7,002.93. This sum of $945.93 became due in varying amounts and at divers times between March 1, 1960, and commencement of the litigation. The computation of exact

interest due thereon, considering the state of the record, is so near to impossible as to make no difference.

This is so because, although the record supports a finding that plaintiff had completed all of its work prior to March 1, 1960, it also establishes that plaintiff was not to receive the final 10% due under the principal contract and state requested extras, until defendant as general contractor had been fully compensated under its contract with the state, and there is no evidence as to when this occurred. Thus, exactly when defendant would have been in default of the $945.93 cannot be determined from the record compiled at trial.

However, the defendant makes no issue of this, quite probably because if broken down the interest discrepancy adverse to the defendant would be so negligible as to fall within the de minimis rule. In any event we so regard it.

For the reasons stated, the appeal is denied and dismissed and the judgment appealed from affirmed.

*Winograd, Winograd & Marcus, Allan M. Shine,* for plaintiff.

*Feiner and Winsten, Harold H. Winsten,* for defendant.