Robert SCHELLENGER, Plaintiff,

v.

Harry ZUBIK, doing business as Harry Zubik Company and Harry Zubik Towing & Construction Company, a corporation, Defendant.

Civ. A. No. 17010.

United States District Court
W. D. Pennsylvania.

Feb. 4, 1959.

of the Congress to enact national maritime laws and invading the jurisdiction which Congress has conferred upon courts of admiralty.

■ Such a contract as defendant seeks to invoke, even if otherwise good, would still be void because opposed to public policy. W. J. McCahan Sugar Refining & Molasses Co. v. Stoffel, 3 Cir., 41 F.2d 651, and cases cited thereunder.

■ In the event plaintiff recovers a verdict in this action, this court will be free to apply equitable principles and set off compensation payments from the amount of the award. Panichella v. Penna. R. Co., D.C., 167 F.Supp. 345.

An appropriate Order is entered.

S. Eldridge Sampliner, Cleveland, Ohio, Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Kim Darragh (of Meyer, Darragh, Buckler & McDonnell), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this action in admiralty based on the Jones Act, 46 U.S.C.A. § 688 and the doctrine of unseaworthiness, defendant presents motion for summary judgment posing the following question:

Is a seaman who signs a State Workmen's Compensation agreement and receives payments thereunder, and executes a final receipt, barred from recovery of his rights under the Jones Act and under the doctrine of unseaworthiness?

■ Upon evaluation of the underlying purport of admiralty law and the decisional law of this Circuit and the Supreme Court of the United States, I conclude the answer in the negative.

■ This Circuit, invoking the views of the Supreme Court of the United States, and recognizing the rights and immunities of seamen, has noted with foreboding efforts to bring seamen, who under federal admiralty acts are entitled to sue for compensation for injuries in federal courts, within the scope of state compensation acts. Such efforts are unconstitutional as destroying the characteristic features of general maritime law, contravening its essential purposes, encroaching upon the paramount power