Alex WASCOM
v.
EMPLOYERS' MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Clinch Drilling Company.

Civ. A. No. 2472.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

May 17, 1962.

Gordon M. White, White & May, Baton Rouge, La., for complainant.

P. A. Bienvenu, Bienvenu & Culver, New Orleans, La., for defendants.

WEST, District Judge.

## REASONS FOR JUDGMENT

This is a suit brought pursuant to the provisions of the Jones Act, 46 U.S.C.A. § 688, whereby the complainant, Alex Wascom, seeks to recover damages for personal injuries allegedly sustained by him on February 17, 1961. Trial by jury was waived, and at the commencement of the trial on April 3, 1962, defendants admitted liability. The matter was then tried to the Court alone solely on the question of quantum. After hearing the evidence and after studying the briefs subsequently submitted by the respective parties, the Court now makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On or about February 17, 1961, complainant, Alex Wascom, was working as a deck hand in the employ of defendant, Clinch Drilling Company, on a drilling rig and barge known as the Clinch I. While in the course of his employment, he slipped and fell, injuring his hip and back.

2. Complainant was first seen by Dr. Richard Means, on February 22, 1961, who diagnosed his injuries as a contusion of the left buttocks and a lumbosacral strain. At a later date, on March 9, 1961, this doctor found complainant to have what he termed a "snapping hip". This was described by the doctors who testified as simply a condition whereby a slight popping or snapping noise occurs upon certain movements of the hip.

3. It is extremely doubtful that the complainant suffered any real functional disability as a result of this accident, but if he did, he had fully and completely recovered therefrom within a period of six weeks at the outside following the accident of February 17, 1961.

4. That the only residual suffered by the complainant as a result of this accident is the condition previously referred to as a "snapping hip". This condition did not at any time cause any functional disability whatsoever, but at most created an annoying condition which could have been, and still can be, completely corrected by minor surgery. It is highly doubtful that this condition has caused any pain or discomfort whatsoever, but if it did, any such pain resulting therefrom has been minimal and inconsequential.

5. That the recommended corrective surgery for the "snapping hip" condition is minor in nature, is performed under a local anesthetic, and would require a maximum recovery time of three weeks. The total cost of this surgery, together with hospital and other related expenses, would amount to approximately $200.

6. That at the time of this accident, the plaintiff was earning a salary of $600 per month, and he has not attempted to return to his employment with Clinch Drilling Company since the date of this accident.

7. That following this accident, and prior to the filing of this suit, the complainant received from the defendant, Employers' Mutual Liability Insurance Company, for its account and for the account of its assured, Clinch Drilling Company, the sum of $455, representing thirteen weeks of workmen's compensation at the rate of $35 per week, paid to the complainant pursuant to the provisions of the Louisiana Workmen's Compensation Act.

8. That as a result of this accident, the complainant incurred medical expenses of $129, all of which expenses were paid by the defendant, Employers' Mutual Liability Insurance Company, pursuant to the provisions of the Louisiana Workmen's Compensation Act.

## CONCLUSIONS OF LAW

1. By their admission at the commencement of trial, defendants are liable to the complainant for whatever injury he sustained as a result of this accident.

2. It is the conclusion of this Court that the complainant lost, at most, six weeks' work as a result of this accident, for which he is entitled to recover the sum of $900.

3. It is evident from the testimony in this case that the "snapping hip" which complainant has as a result of this accident can be completely cured by very minor surgery, costing, together with hospital and related expenses, the sum of $200, which amount the complainant is entitled to recover from defendants herein.

4. That as a result of this corrective surgery, the complainant would lose a maximum of three additional weeks' work, for which he is entitled to recover from these defendants the sum of $450.

5. The evidence is very much in conflict concerning the element of pain and suffering. However, after carefully considering the testimony of the various witnesses, this Court comes to the conclusion that the testimony of Dr. Richard Means, the treating physician, most nearly portrays the true picture in this connection. It is the considered opinion of this Court that the complainant actually suffered a very minimum of pain, suffering or discomfort as a result of this accident, and that the suggested corrective surgery, if performed, would produce a minimum of pain or discomfort. It is, therefore, the opinion of this Court that the complainant would be amply compensated for past, present and future pain, suffering or discomfort resulting from this accident by an award of $1,000.

6. Against these awards, the defendants are entitled to a credit in the amount of $455 for the amounts previously paid complainant by the defendant, Employers' Mutual Liability Insurance Company, under the provisions of the Louisiana Workmen's Compensation Law.

7. That except for the award for future medical expenses made herein, complainant has previously been paid in full by the defendants for all medical expenses incurred by him and resulting from this accident.

8. That, therefore, complainant is now entitled to a judgment against the defendants, Employers' Mutual Liability Insurance Company and Clinch Drilling Company, in solido, in the sum of $2,550, less a credit of $455 for compensation payments previously made by defendants to the complainant, or a net amount of $2,095, together with legal interest and costs as provided by law.

Judgment will be signed accordingly.