Fireman's Fund Insurance Company *vs.*
Eugene Lubash.

DECEMBER 28, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Condon, C. J.   This is an action of assumpsit which was submitted to a justice of the superior court for his determination on an agreed statement of facts.   He rendered a decision in favor of the defendant, holding therein that the statute on which the plaintiff based its declaration did not create a right of action in its behalf against the defendant and, further, that if it did the action would properly be in case and not in assumpsit.   The plaintiff excepted to such decision and under its bill of exceptions duly prosecuted to this court contends that the trial justice erred in both respects.

The agreed facts are substantially these.   On May 24, 1958 defendant in the course of his employment by Mezza Luna Restaurant was injured as a result of a motor vehicle accident alleged to have been caused by the negligence of Raymond Brodeur.   On June 13, 1958 plaintiff, who was the insurance carrier of the Mezza Luna Restaurant, entered into a nonprejudicial preliminary agreement with defendant for workmen's compensation disability payments.

On August 6, 1958 a further preliminary agreement was entered into for a continuation of such payments. Finally, on October 1, 1958, the parties entered into a compensation agreement and settlement receipt, and in accordance with the terms of several agreements the plaintiff had paid to defendant the aggregate amount of $412.50, of which $76.50 was for medical fees.

On July 22, 1959 the Rhode Island Mutual Insurance Company, liability insurance carrier for Raymond Brodeur, paid defendant $1,575 in settlement of his claims against Brodeur for personal injuries sustained in the accident of May 24, 1958. The defendant executed releases discharging Brodeur from all further liability but he did not notify plaintiff that he had made such settlement. On January 26, 1960 plaintiff made a demand in writing upon defendant for repayment by him of the sum of $412.50 which it had paid him under the workmen's compensation agreements. The plaintiff, although it was aware of the facts of the accident of May 24, 1958, brought no action against Raymond Brodeur.

The plaintiff bases its cause of action against defendant on the following portion of a provision of the workmen's compensation act, G. L. 1956, §28-35-58:

"Liability of third person for damages.—Where the injury for which compensation is payable under chapters 29 to 38, inclusive, of this title, was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under said chapters for such compensation, but shall not be entitled to receive both damages and compensation; and if the employee has been paid compensation under said chapters, the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent of such

indemnity shall be subrogated to the rights of the employee to recover damages therefor * * *."

The plaintiff construes such provision as creating an implied contract between it and defendant to the effect that any damages which he received from Brodeur were to be applied as a reimbursement for its benefit to the extent it had paid compensation to defendant. Relying upon such construction it contends that its claim of reimbursement clearly sounds in contract as for money had and received from it by defendant which it could properly recover from him in an action of assumpsit.

The trial justice rejected that construction of the statute. He expressly held that it did not create the right against defendant stated in plaintiff's declaration, and that if it did it could not be enforced in assumpsit but must be in case because the language of the statute has no contractual aspect. He pointed out that the statute insofar as it provides any remedy to the person who has paid compensation clearly states that such person " 'shall be entitled to indemnity *from the person so liable to pay damages.'* " (italics ours)

The plaintiff contends that such construction fails to take into consideration a further provision of the statute which declares that the employee "shall not be entitled to receive both damages and compensation * * *." It points out that this provision is obviously intended to deny double compensation and it cites *McArthur* v. *Dutee W. Flint Oil Co.*, 50 R. I. 226, and *Mingo* v. *Rhode Island Co.*, 41 R. I. 423, in support of its view. Relying upon those cases it argues that the statute has been so framed to avoid the possibility of the employee's unjust enrichment at the expense of the person who has paid compensation. It further argues that an inequitable situation contrary to the intent of the statute will result from the trial justice's decision and therefore his construction of the statute should be rejected.

If this were a cause of action arising at common law and not owing its origin to specific legislation but purely to de-

cisional law of the courts, there would be some merit in plaintiff's contention. But, as it is, the case is one wholly dependent upon statute. This being so, if plaintiff has a justiciable right and a remedy to enforce it they must be found, if at all, in the statute. A careful analysis of §28-35-58, even as amended by P. L. 1960, chap. 172, sec. 1, fails to disclose any right of action against the employee nor is such a right, in our opinion, necessarily implied therein.

On the contrary, the legislature has expressly given to the person who has paid compensation to the employee a right of indemnity therefor "from the person so liable to pay damages * * *." Such person is obviously not the employee. We are not called upon here to decide how this right of indemnification may be enforced. All that we do decide is that it is not enforceable by an action against the employee. Therefore we are of the opinion that the trial justice did not err in his construction of the statute and that plaintiff's exception must be overruled.

Before concluding we may observe that if the legislature intended a different result consistent with its language to the effect that the employee would not be entitled to receive both damages and compensation, it has prescribed no remedy to enable the person who has paid compensation to enforce such intention. However, it is not unlikely that the legislature purposely refrained from doing so because it felt that sufficient protection of such person's right of indemnification had been accorded by the provision subrogating the right of indemnity "to the rights of the employee to recover damages therefor."

If in practice it now appears that such protection is illusory or at best inefficient, the remedy lies with the legislature and not with the court. Where it is so clear from the language of §28-35-58 that no right of action has been provided against the employee it would be an unwarranted intrusion into the legislative field if we were to sanction one

in the case at bar. We find nothing in *McArthur* v. *Dutee W. Flint Oil Co.* or *Mingo* v. *Rhode Island Co., supra,* that is decisive of the precise question here.

The plaintiff's exception to the trial justice's decision is overruled, and the case is remitted to the superior court for further proceedings.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh, Harold E. Adams, Jr.,* for plaintiff.

*Abedon, Michaelson & Stanzler, Richard A. Skolnik,* for defendant.