220 A.2d 179.

PAUL J. TRAVIS *vs.* RIALTO FURNITURE COMPANY.

JUNE 7, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

ROBERTS, C. J. This is an employee's appeal from a decree of the workmen's compensation commission denying and dismissing his original petition to be awarded compensation for incapacity resulting from injuries sustained while in the employ of the respondent.

It appears that petitioner, permanently employed as a city fireman, was employed also by respondent to operate a delivery truck and that on April 27, 1962, while in the course of such employment, he was injured when his vehicle came into collision with a vehicle owned by J. T. Rosmond Co., Inc., hereinafter referred to as the third-party tortfeasor. The record discloses that petitioner on May 31, 1963 executed a general release running in favor of the third-party tortfeasor, the consideration therefor being $6,-750. Thereafter the instant petition for compensation was filed on June 7, 1963, and the decree from which this appeal was taken was filed by the full commission on August 18, 1964. The question raised by petitioner on this appeal is whether an employee who has been injured in the course of his employment by the negligence of a third party and recovers damages either by way of settlement or judgment from that third party may thereafter proceed against the employer and be awarded compensation under the act for incapacity resulting from such injury.

General laws 1956, §28-35-58, as amended, precludes the recovery by an employee injured by the negligence of a third party of both compensation from his employer and damages from the third party. It is therein provided that when the employee has been injured in circumstances which create a legal liability in a person other than the employer to pay damages in respect thereof, "the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under said chapters for such compensation, but shall not be entitled to receive both damages and compensation * * *."

This provision of the statute goes on to grant to the person who has paid compensation in such circumstances the right to be indemnified by the third-party tortfeasor and to the extent of such payments subrogates the employer to the right of the employee to recover such damages.

In *Colarusso* v. *Mills,* 99 R. I. 409, 208 A.2d 381, this provision of the statute was held to authorize an injured employee who has recovered compensation from his employer for incapacity resulting from the negligence of a third party to thereafter recover damages from the tortfeasor. In that opinion we said: "* * * we now hold that a prior recovery of compensation benefits by an injured worker will not prohibit suit against the wrongdoer if he can establish either that he has agreed with his employer to reimburse him out of any recovery or that his employer has refused to enter into any such agreement. In the latter event, however, any ultimate recovery should be reduced by the amount of the compensation benefits received." The question, however, of whether such an injured employee, who has recovered damages from the tortfeasor for his injury, may thereafter recover compensation from the employer for injuries sustained has not yet been presented specifically to the courts of this state.

This court in at least three instances, however, has suggested by way of dicta that when an injured employee has recovered damages from the third-party tortfeasor for such injuries, he may not thereafter recover compensation from his employer for incapacity resulting from the same injuries. In *McArthur* v. *Dutee W. Flint Oil Co.,* 50 R. I. 226, 232, this court reiterated its conclusion regarding attempts to recover compensation after having been awarded damages as stated in *Corria* v. *Fink Bros.,* 45 R. I. 80, saying: "If the employee first obtain damages from such negligent third person, the employee can not thereafter obtain compensation from his employer." Again in *Colarusso* v. *Mills,*

*supra*, we tacitly recognized our continued acceptance of this viewpoint although the precise issue was not before us. It is our opinion that the dicta to which we thus refer reflects our long-standing opinion that the statutory limitation on the right of an injured employee to receive both compensation and damages implies, of necessity, that he may not pursue the statutory scheme for compensation made available to injured employees where he has successfully prosecuted an action against the negligent third party and recovered damages for such injury.

The view we thus expressed by way of dicta is sound. The pertinent language of the statute which prohibits the injured employee from receiving "both damages and compensation" in no manner imports ambiguity into the act. To the contrary, it clearly indicates a legislative intent to limit the employee's right to be compensated pursuant to the provisions of the act by his recovery of damages from the negligent third party. In so legislating, we must assume that the legislature used the term *damages* in the context of the law of negligence, that is, that one who has been injured by the negligence of another, if entitled to be compensated at all, is entitled to be compensated to such extent as to be made whole.

This concept of damages as constituting total compensation to the injured party was accepted by this court in *McNeil* v. *Lyons,* 20 R. I. 672, 673, wherein we said that in such circumstances the plaintiff "is clearly entitled to receive such sum as will fairly compensate her, or make her whole, not only for her actual money loss, but also for her suffering and disability." An award of damages then is presumed to be sufficient to make the injured party whole. In *Ench* v. *Bluestein,* 52 N. J. Super. 169, 173, the court phrased this concept as: "It is an accepted principle of law that in all litigation, of whatever kind, the law seeks to compensate for the wrongs complained of, so as to re-

store the injured party to his former status." It follows then from such a principle that where the injured party in the circumstances here moves against the negligent third party and obtains damages by way of settlement, absent a showing of fraud, he is presumed to have been fully compensated for his injury and made whole by the recovery of such damages.

It is our opinion that the provision of the statute which bars the injured employee from recovering both damages from the negligent third party and compensation under the act reasonably is to be construed as constituting a bar to any proceeding on the part of the employee to recover such compensation, he presumptively having been made whole by his recovery of such damages. To hold that the legislation contemplates that proceedings may be instituted in such circumstances is to attribute to the legislature an intention to authorize an exercise in futility, for obviously, the injured employee having recovered damages, his action must fail because he cannot in the circumstances then be compensated under the act. It is settled that we do not attribute to the legislature an intention that its legislation result in absurdities.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Thomas W. Pearlman,* for petitioner.

*Jordan, Hanson & Curran, William A. Curran,* for respondent.