Wayne E. **MATTESON**, Plaintiff, Appellant,

v.

The **TRAVELERS INSURANCE COMPANY**, Defendant, Appellee

No. 84–1078.

United States Court of Appeals, First Circuit.

Argued June 7, 1984.

Decided July 19, 1984.

Robert S. Bruzzi, Providence, R.I., with whom Richard Nadeau, Jr., and Wistow, Barylick & Bruzzi Inc., Providence, R.I., were on brief, for plaintiff, appellant.

Hugh L. Moore, Providence, R.I., with whom Law Offices of Hugh L. Moore, Providence, R.I., was on brief, for defendant, appellee.

Before BOWNES and BREYER, Circuit Judges, and DOYLE,* Senior District Judge.

BREYER, Circuit Judge.

Francis Condon negligently crashed his small airplane into a tractor driven by Wayne Matteson, the appellant. Matteson, who was injured, received about $70,000 in workmen's compensation from Travelers, his employer's insurance carrier. Matteson also sued Condon, eventually settling the case for about $30,000. Matteson and Travelers disagreed about which of them was entitled to the $30,000—which is now in escrow. Matteson, invoking the federal court's diversity jurisdiction, sought a declaratory judgment that the money was his. The district court, however, entered summary judgment for Travelers. It pointed out that the relevant Rhode Island statute says that an employee, such as Matteson, is not

entitled to receive both damages and compensation; and if the employee has been paid [workmen's] compensation . . ., the person by whom the compensation was paid [i.e. Travelers] shall be entitled to indemnity from the person so liable to pay damages [i.e. Condon] . . ., and to the extent of such indemnity shall be subrogated to the rights of the employee [i.e. Matteson] to recover damages therefor
. . . .

R.I.Gen.Laws § 28–35–58. This statute, said the court, means that Travelers is entitled to what Condon owes Matteson—at least up to the $70,000 it has paid. Matteson appeals.

■ In our view, the district court is clearly correct. Neither of the two arguments that Matteson makes is convincing. First, citing *Lombardi v. Merchants Mutual Insurance Co.*, R.I., 429 A.2d 1290 (1981), Matteson claims that Rhode Island does not allow a carrier to obtain indemnity from a wrongdoer until the victim has been fully compensated. To win with this argument, Matteson must show both that 1) until a victim has been "made whole," any payment by the wrongdoer must go to the victim, not to the compensating carrier; and 2) for indemnity purposes, Matteson is a victim who has not been "made whole."

In all likelihood Matteson is wrong as to step one. The statute plainly states that he is not entitled both to "damages" and "compensation." And, in *Colarusso v. Mills*, 99 R.I. 409, 416, 208 A.2d 381, 385 (1965) the Rhode Island Supreme Court held that "any ultimate recovery should be reduced by the amount of the compensation benefits received." *See also Brimbau v. Ausdale Equipment Rental Corp.*, 119 R.I. 14, 19, 376 A.2d 1058, 1061 (1977) ("[O]ne who is injured . . . cannot receive both workmen's compensation benefits *and* damages from the tortfeasor. Accordingly, one who has received workmen's compensation benefits may only sue a third party tortfeasor if he first agrees to repay those who paid him compensation.") (emphasis in original). In neither *Colarusso*

* Of the Western District of Wisconsin, sitting by designation.

nor *Brimbau* did the court qualify these remarks or suggest that they apply only when the victim in some sense has been "made whole."

*Lombardi* neither concerns nor mentions workmen's compensation or the statute here at issue; rather it involves motor vehicle accidents and common law principles of surety. The victim in *Lombardi* obtained a $32,000 judgment against the wrongdoer. Two insurance companies had each paid the victim $10,000. The companies sought recovery of the funds they had advanced out of a $10,000 bond posted by the wrongdoer to secure the judgment. The court, citing Justice Cardozo, reiterated the principle that

> a surety liable only for part of the debt does not become subrogated to collateral or to remedies available to the creditor unless he pays the whole debt or it is otherwise satisfied.

429 A.2d at 1292 (quoting *American Surety Co. v. Westinghouse Electric Manufacturing Co.*, 296 U.S. 133, 137, 56 S.Ct. 9, 11, 80 L.Ed. 105 (1935) (Cardozo, J.)). Thus, *Lombardi* concluded, the insurance company was not subrogated to the victim's right until the "total judgment was satisfied." *Id.*

■ However sound a statement of common law principle *Lombardi* makes, that principle does not in terms apply to statutory workmen's compensation, *see Nardolillo v. The Big G Supermarket, Inc.*, 111 R.I. 751, 754, 306 A.2d 844, 847 (1973) (rights of employee and employer under Workmen's Compensation Act "are purely statutory"); *Traugott v. Petit*, R.I., 404 A.2d 77, 79 (1979) (statutes supersede common law principles), particularly when the issue is only distantly related, as is the case here. Workmen's compensation is intended to replace common law actions for damages, R.I. Gen. Laws § 28–29–17; it is not intended to make the employer or his carrier a common law surety of the employee. *See Geigy Chemical Corp. v. Zuckerman*, 106 R.I. 534, 541, 261 A.2d 844, 848–49 (1970); *see generally* 1 Larson's Workmen's Com-

pensation Law, §§ 1, 2 (1982). Nothing in the *Lombardi* court's opinion suggests that it would apply its common law principle where a statute explicitly subrogates the carrier to the rights of the victim to obtain damages and forbids his retention of both damages and compensation.

Matteson's other authorities are still farther afield. *Rimes v. State Farm Mutual Automobile Insurance Co.*, 106 Wis.2d 263, 316 N.W.2d 348 (1982), is a Wisconsin case involving a different statute—a statute that explicitly states that a victim is to retain a portion of the judgment in circumstances such as this one. *Mancini v. Royal Indemnity Co.*, 26 ATLA L.Rep. 364 (Cal.Super.Ct. Feb. 18, 1983) is a factually distant California case which forbids indemnity because the insured employer was one of the wrongdoers.

Regardless, even if we were wrong about the Rhode Island court's view of step one, Matteson is wrong about step two. He holds no partially satisfied judgment against the wrongdoer; rather, he has settled with the wrongdoer for $30,000. In *Travis v. Rialto Furniture Co.*, 101 R.I. 45, 220 A.2d 179 (1966), the Rhode Island Supreme Court specifically considered whether a victim who settled with the wrongdoer for $6,750 could then seek additional workmen's compensation from the employer. The court held that he could not. It stated that "absent a showing of fraud, he is presumed to have been fully compensated for his injury and made whole by the recovery of such damages." 101 R.I. at 49, 220 A.2d at 181. The *Travis* court, in essence, forbids a victim who accepts a settlement from a wrongdoer then to proceed to litigate the issue of damages in a suit against the workmen's compensation carrier. The victim here seeks to litigate this very same issue. His position, however, is even weaker than in *Travis*, for he, unlike the *Travis* victim, has received from the carrier compensation larger in amount than the settlement. Those principles of judicial policy, of Rhode Island precedent, or of statutory interpretation that led Rhode Island to adopt the *Travis*

**622**

principle then warrant its application here. The trial court, well versed in the law of Rhode Island, and whose opinion about its law we respect, *Bishop v. Wood*, 426 U.S. 341, 345–47, 96 S.Ct. 2074, 2077–79, 48 L.Ed.2d 684 (1976); *Rose v. Nashua Board of Education*, 679 F.2d 279, 281 (1st Cir. 1982), could not distinguish *Travis* from the present case. Nor can we.

■ Matteson's second argument rests upon *Fireman's Fund Insurance Co. v. Lubash*, 95 R.I. 311, 186 A.2d 722 (1962)—a Rhode Island case holding that the statute allows the carrier to obtain indemnity from the wrongdoer but not from the victim. The wrongdoer, in *Lubash*, paid the victim, and the compensating carrier sued the victim directly to recover the payment. The court, noting that the statute gave the carrier the right "to indemnity from the person so liable to pay damages [i.e., the wrongdoer]," found no authorization for the carrier's suit against the victim.

Matteson's argument founders upon the fact that, here, the carrier sought to obtain indemnity from the wrongdoer, not from Matteson. As soon as Matteson sued the wrongdoer (Condon), Travelers notified Matteson, Condon, and every other relevant party that it was entitled to whatever Condon would pay to Matteson, up to the amount of workmen's compensation Matteson had received. The notifying letters are clear and unequivocal. The settlement check was made out to Traveler's counsel as well as to Matteson's counsel. Its proceeds were placed in escrow because Matteson's counsel argued that *Lombardi* deprived Travelers of any right to indemnity. Under these circumstances, the district court correctly found that Matteson did not receive the money; the money came from Condon and was placed in escrow presumably until it was determined whether Travelers or Matteson was entitled to receive the wrongdoer's damage payment. There is no basis for Matteson's counsel, having enticed Traveler's counsel to place the funds in a jointly contracted escrow account so they could earn interest, then to

claim that the funds were paid to Matteson. The simple fact is they were not. And, *Lubash* does not apply.

The judgment of the district court is *Affirmed.*