William E. **BENDERS**

v.

The **BOARD OF GOVERNORS FOR HIGHER EDUCATION** and **Frank Knight, Administrator of Rhode Island Employees' Compensation Fund, as defendant in interpleader.** (Two Cases)

**JEAN E. BENDERS**

v.

The **BOARD OF GOVERNORS FOR HIGHER EDUCATION** and **Frank Knight, Administrator of Rhode Island Employees Compensation Fund, as defendant in interpleader.**

Civ. A. Nos. 88–059P, 88–060P and 88–071P.

United States District Court, D. Rhode Island.

Jan. 5, 1990.

Edmond A. DiSandro, Providence, R.I., for plaintiffs.

Marvin A. Brill, Providence, R.I., and Thomas E. Clinton, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

One of the definitions of "settlement" is "[t]o fix or resolve conclusively; to make or arrange for final disposition." *Black's Law Dictionary* 713 (abridged 5th ed. 1983). The "settlement" reached in these cases defies that definition. This Court is being asked, post-settlement, to resolve conclusively how the final disposition of this suit should appear. The problem is not the parties to the settlement disputing the meaning of settlement terms. Instead, the problem is a third party, previously unheard from, who now claims a right to the settlement proceeds. Because this Court believes this untimely claim would deny the plaintiffs to the original suit rights created by federal law, the lien imposed by the third party on the settlement proceeds is ordered to be removed.

TRAVEL OF THE CASE

Plaintiff, William Benders, a seaman, was injured in two separate accidents in 1985 aboard a research vessel, the *Endeavor*, belonging to, or leased by, the University of Rhode Island (URI). Mr. Benders received medical services from URI and compensation from the Rhode Island Employees' Compensation Fund. In 1988 Mr. Benders brought two suits in this Court against the Board of Governors for Higher Education (as the entity invested with legal title to all property under the control or custody of the University of Rhode Island) seeking damages for pain and suffering, lost wages, and medical expenses. Brought under admiralty and maritime laws, Mr. Benders' claims asserted that his injuries were caused by URI's negligence, the vessel's unseaworthiness, and URI's breach of obligation to provide prompt medical services. Plaintiff, Jean Benders, the wife of William Benders, brought a third suit for loss of consortium. Upon motion by the plaintiffs, with no objection from the defendant, the three suits were consolidated.

Following full discovery, the parties settled. Under the terms of settlement, the defendant was to pay the plaintiffs a lump sum of $200,000. After settlement, but before the funds were disbursed to the Benders, Frank Knight, as Administrator of the Rhode Island Employees' Compensa-

tion Fund, placed a lien on the entire proceeds of the settlement, seeking, under R.I. Gen.Laws § 28–35–58,[1] the value of medical benefits, as well as the compensation paid to William Benders. The Administrator asserts that Mr. Benders was in the employ of the state[2] at the time of the accidents, and that URI and/or its liability insurer is a "third party" under R.I.Gen. Laws § 28–35–58; as the settlement was made with a "third party," the Administrator claims the statutory right of reimbursement. The basis of Administrator Knight's claim that URI is a "third party" is unclear. His Memorandum of Law does not indicate whether he is claiming that Mr. Benders was not an employee of URI (and thus the Board of Higher Education) at all, or whether because Mr. Benders' workmen's compensation was paid from the state fund for state employees, Mr. Benders is an employee of the state and not URI only for purposes of workmen's compensation claims.

The plaintiffs moved to interplead Administrator Knight so that this Court could determine whether the Administrator is entitled to the lien, and if so, what portion of the settlement is subject to lien. The motion was granted by a United States Magistrate. The State of Rhode Island then appeared specially to object to the interpleader motion. The state asserted that it would not consent to be brought in as a party defendant and that the Eleventh Amendment to the United States Constitution[3] barred the involuntary inclusion of the state in this suit. In a letter to counsel for Administrator Knight, this Court expressed its opinion that because the Administrator's actions threatened to undo a settlement in federal court of a case brought under federal law, the Administrator could be interpled without violating the Eleventh Amendment. This Court offered the Administrator a chance to reply to the substance of the plaintiffs' claims that the state had no right to a lien on the settlement funds.[4] The Administrator then filed a Memorandum of Law.

## ELEVENTH AMENDMENT

■ As the United States Supreme Court has indicated that questions of Eleventh Amendment immunity are jurisdictional and thus can be raised at any time during a lawsuit, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the power of this Court to assert

1. R.I.Gen.Laws § 28–35–58 provides, in pertinent part:
   > Where the injury for which compensation is payable under [the Rhode Island Workmen's Compensation Act], was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under [the Act], and the employee shall be entitled to receive both damages and compensation; Provided, That the employee, in recovering damages either by judgment or settlement from the person so liable to pay damages, shall reimburse the person by whom the compensation was paid to the extent of the compensation paid as of the date of the judgment or settlement and the receipt of those damages by the employee shall not bar future compensation; ... and if the employee has been paid compensation under [the Act], the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent of that indemnity shall be subrogated to the rights of the employee to recover damages therefor....

2. The plaintiffs claim that Mr. Benders was the direct employee of the Board of Governors for Higher Education.

3. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

4. The Court also asked the Administrator to address a number of specific questions. In his Memorandum of Law, the Administrator did address some of the Court's questions. Several questions remained unanswered, however. The unanswered questions included:
   1. What portion of the $200,000 settlement does the Fund claim a right to?
   2. If the settlement in this case was offset by the amount of workmen's compensation that the plaintiff had already received, what authority does the Fund have to disturb a settlement made under federal law?
   3. How can the Fund lay claim to portions of a settlement that may have been for persons not awarded workmen's compensation?

jurisdiction over Administrator Knight will again be explained.[5]

The settlement reached between the original plaintiffs and defendant was based on a federal law, the Jones Act, 46 U.S.C.App. § 688.[6] The purpose behind the passage of the Jones Act is to "benefit and protect[ ] seamen who are peculiarly the wards of admiralty. Its purpose being to enlarge that protection, not to narrow it. Its provisions … are to be liberally construed to attain that end." *The Arizona v. Anelich,* 298 U.S. 110, 123, 56 S.Ct. 707, 711, 80 L.Ed. 1075 (1936) (citations omitted). By seeking to place a lien on this settlement, Administrator Knight potentially takes away federally granted rights from Mr. Benders. The jurisdiction of this Court reaches state officials when the vindication of federal rights is at issue. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Worcester County Trust Co. v. Riley,* 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268 (1937). It is fully within this Court's jurisdiction to determine whether Administrator Knight's actions infringe on a seaman's federally created rights. As relief sought by the plaintiffs is only declaratory and prospective, and if granted, will not

have a direct impact on the State of Rhode Island (the workmen's compensation having already been paid), the limits placed on this Court's jurisdiction by *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), are not relevant.[7]

## VALIDITY OF LIEN

■ If allowed to prevail, the lien and post-settlement assertion of right by Administrator Knight will, in this case, defeat the purposes behind the Jones Act. The Supremacy Clause of the Constitution will not permit this result. As the United States Supreme Court stated, "While states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court." *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409–10, 74 S.Ct. 202, 204–05, 98 L.Ed. 143 (1953). The lien would deprive Mr. and Mrs. Benders of their federally created right to damages for lost wages.

Denial of the Administrator's lien will not, as claimed by the Administrator, "permit double recovery and place the plaintiff

---

**5.** Because this Court finds its jurisdiction over Administrator Knight only in its role as protector of federal rights, the state law questions presented will not be addressed. The restrictions placed on federal courts by recent Supreme Court decisions force this Court to decide the merits of the plaintiffs' claim on federal grounds, even though the issue might more easily have been resolved, and in a much more straightforward manner, on state law grounds. Thus, the question of whether URI and the Board of Governors for Higher Education are "third parties" under Rhode Island law will not be addressed.

**6.** 46 U.S.C.App. § 688:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of

action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

The plaintiffs did not specifically identify the Jones Act in their complaints, but stated that their claims were under the admiralty and maritime jurisdiction of the United States.

**7.** If Administrator Knight's lien is allowed to stand, the treasury of the State of Rhode Island would benefit. However, the monies paid by the state to Mr. Benders were paid under a legal obligation. The state can expect the return of the monies only if it has a legal right to them. That is what this Court will decide. Therefore, the Eleventh Amendment bar that prohibits suit against state officials in their official capacity to the extent that any judgment must be paid from state funds, *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), is not operative. Nor can the state claim that intervention by this Court may deprive the state of revenues due it, unless the state wants to claim that the Eleventh Amendment is a bar to this Court deciding that the state is not legally entitled to the monies under federal law.

William Benders in a better position than he was in on the date of his injury." Administrator Knight's Memorandum of Law at 2. Just the opposite is true. Full recovery of the settlement award will ensure that Mr. and Mrs. Benders are compensated only for injuries they suffered as a result of the accidents aboard the *Endeavor* for which URI, and thus the Board of Governors for Higher Education, are responsible. The workmen's compensation payments to Mr. Benders were taken into account when the parties settled this suit several months ago.[8] Therefore, the lien represents the threat that Mr. Benders will not recover his losses for lost wages and medical expenses.[9] The lien would force Mr. Benders to pay from his settlement that which has already been deducted from the settlement.

Federal courts in the context of the Jones Act have ordered that an employer who had paid workmen's compensation is entitled to recover those payments from an employee who obtains a damage award against a third party. *See Skipper v. Amerind Shipping Corp.*, 230 F.Supp. 253 (E.D.La.1964). However, when federal courts have reduced or set off awards under the Jones Act, these actions were taken in order to apply equitable principles, not because a state law dictated the result.[10] *See Schellenger v. Zubik*, 170 F.Supp. 92 (W.D.Pa.1953) (if plaintiff recovers a verdict, court is free to apply equitable principles and set off compensation payments); *see also Gypsum Carrier, Inc. v. Handelsman*, 307 F.2d 525 (9th Cir.1962) (where employer found negligent, court should not set off for workmen's compensation paid because workmen's compensation fund supported by employees, not employers). Of course, there is room for state action and the enforcement of state-created rights in admiralty and maritime regulation. But the state action, as used here, denies the Benders their full recovery. Equity dictates that the lien not be allowed to stand.

The Benders had no reason to believe that URI and the Board of Governors for

---

**8.** For this assertion, the Court is relying on the statements made to the Court over the telephone by the attorneys for all parties involved in the settlement. However, there is also documentary evidence that the parties were aware of the workmen's compensation payments to Mr. Benders and that these payments played a role in the discussions between the parties before settlement. The original defendant was granted leave to amend its answer to Mr. Benders' complaints and added the defense that the "complaint is barred because [Mr. Benders'] exclusive remedy is under the workers' compensation laws of the State of Rhode Island." Defendant's Amended Answer to Plaintiff's Verified Complaint. Certainly, the parties were also aware of the consistent rulings by federal courts reducing admiralty awards against employers by the amount of workmen's compensation previously paid (and there is no indication that any of the original parties considered Mr. Benders to be anything other than an employee of URI). *See Massey v. Williams–McWilliams, Inc.*, 414 F.2d 675 (5th Cir.1969); *Cheuvront v. Pittsburgh & Lake Erie Railroad Co.*, 477 F.Supp. 193 (W.D. Pa.1979); *Spiller v. Thomas M. Lowe, Jr. & Associates, Inc.*, 328 F.Supp. 54 (W.D.Ark.1971); *Smith v. Service Contracting, Inc.*, 236 F.Supp. 492 (E.D.La.1964); *Williams v. Offshore Co.*, 216 F.Supp. 98 (E.D.La.1963); *Wascom v. Employers' Mutual Liability Insurance Co. of Wisconsin*, 204 F.Supp. 723 (E.D.La.1962). Further, after the Administrator attached the lien to the settlement proceeds, the plaintiff and original defendant filed a motion asking the Court's help in resolving the issues raised by the lien. The motion states that William Benders is the employee of the Board of Governors of Higher Education and that he received workmen's compensation benefits from his employer. (Although the motion states that it is filed on behalf of all the original parties, only the attorney for the plaintiffs signed the motion.)

**9.** Although the plaintiffs have not addressed whether the settlement took into account the medical benefits Mr. Benders received from URI following his injuries, it is incredible to believe that such benefits already provided by URI would not have been taken into account in the settlement.

**10.** Even if the Administrator's interpretation of who is a third person under R.I.Gen.Laws § 28–35–58 is accurate, the lien still represents an injustice to the plaintiffs and an assault on the purposes behind the Jones Act. Courts have made clear that state workmen's compensation laws cannot be used to reduce the protection given by federal laws to seamen. *See Roberts v. City of Plantation*, 558 F.2d 750 (5th Cir.1977) (the exclusive remedy provisions of Florida's workmen's compensation law cannot oust federal courts of jurisdiction under the Jones Act). Although this interpretation of the Rhode Island law will not necessarily work an injustice on all Jones Act plaintiffs or challenge the purposes behind the Jones Act, in this case it does. Mr. Benders would lose his recovery for lost wages.

Higher Education would be considered anything other than Mr. Benders' employer. Administrator Knight has not brought forth any evidence that should have indicated to Mr. Benders that URI was not his employer, nor does the plain language of the state workmen's compensation laws give any indication that URI would not be considered Mr. Benders' employer for purposes of workmen's compensation payments. Further, the Board of Governors for Higher Education sought to defend themselves against the plaintiffs' claims by asserting that Mr. Benders was receiving workmen's compensation payments from URI. Defendant's Amended Answer to Plaintiff's Verified Complaint. The plaintiffs and original defendant apparently relied on these facts and settled the suit. Now, another agency of the state attempts to come forward and say, "No, your employer was not the first agency, and therefore you owe this state agency the money you essentially paid to the first state agency." [11]

All of this confusion and dissention could have been avoided if Administrator Knight had simply notified the parties, before settlement, that he claimed a right to be reimbursed from any award or settlement received by Mr. Benders. Notification of intent to claim a right of reimbursement played a pivotal role in the decision of the First Circuit to uphold a workmen's compensation insurer's right of indemnity. *Matteson v. Travelers Insurance Co.*, 738 F.2d 619 (1st Cir.1984). Although Rhode Island's workmen's compensation law has

been amended since that decision,[12] the issue of fairness, as represented by notification of claim, is still very relevant. In *Matteson*, the Court placed particular emphasis on the fact that the compensation insurer had notified the parties to the negligence suit as soon as the suit was instigated. Although the case turned upon the fact that the insurer was claiming indemnity from the tortfeasor, not the employee, the Court still emphasized the equitable issue of notification—that the parties knew before they settled the suit that the claim of indemnity existed. And in *Matteson*, no federal law restricted the reach of state law. *Id.*, 738 F.2d at 622. Again, in the Benders' suit, there was no notification. If the Benders knew of the reimbursement claim, it is unlikely that they would have settled their claim for $200,000. Mr. and Mrs. Benders believed when they decided to consolidate their claims [13] and when they agreed to the settlement that the monies received would be free of strings and claims. So, apparently, did the Board of Governors for Higher Education and their liability insurer. This claim by Administrator Knight is too late. A fair settlement for Mr. and Mrs. Benders has been reached. Perhaps the Board of Governors for Higher Education benefited from the workmen's compensation payments being used to reduce the settlement, but the Benders should not be penalized for this.

## ORDER

Because Administrator Knight's lien would take away Seaman Benders' right to damages received under the admiralty and

---

11. URI may not be an alter ego of the state of Rhode Island for Eleventh Amendment purposes, see *Vanlaarhoven v. Newman*, 564 F.Supp. 145 (D.C.R.I.1983), but it is still a state agency whose actions have the authority of the state behind them.

12. In 1985, the Rhode Island legislature amended R.I.Gen.Laws § 28–35–58. *See* R.I.Pub.Laws 1985, ch. 186, § 1. The amendment gives the person who has paid workmen's compensation the right of reimbursement against an employee who also receives an award from a third party. Before this amendment, the Rhode Island Supreme Court had interpreted the statute as giving the workmen's compensation insurer only a right of indemnity against the third person who was legally liable for the damages to the em-

ployee. *See Fireman's Fund Insurance Co. v. Lubash*, 95 R.I. 311, 186 A.2d 722 (1962).

13. Mrs. Benders would probably not have been willing to consolidate her suit with her husband's if she knew that by doing so she would place any award for her loss of consortium within the reach of the state. Even a liberal reading of the state's compensation statute does not give the compensation insurer any rights to awards made to a third party, even when that award grew out of an injury for which an employee has received workmen's compensation. This Court has been given no reason to believe that it is now possible to determine what portion of the $200,000 settlement in this case was awarded based on Mrs. Benders' claim.

maritime laws of the United States and because no equitable principles exist that dictate otherwise, IT IS ORDERED that Frank Knight, in his capacity as Administrator of the Rhode Island Employees' Compensation Fund, is not entitled to a lien on the proceeds of the settlement made in this case. Also, IT IS ORDERED, that the proceeds of the settlement be released as specified in the settlement agreement.