William BENDERS

v.

**BOARD OF GOVERNORS FOR HIGHER EDUCATION.**

No. 92–617–M.P.

Supreme Court of Rhode Island.

Jan. 21, 1994.

Michael J. Furtado, Smith & Furtado, P.C., Providence, for plaintiff.

William F. Buckley, State Employees Workers Compensation, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari by the plaintiff, William Benders

(Benders), to review a final decree of the Appellate Division of the Workers' Compensation Court. The appellate division upheld the trial court's decision that denied Benders benefits for an injury he sustained while serving on an ocean-going vessel operated by the defendant, Board of Governors of Higher Education (the board), by and through the University of Rhode Island. We deny the petition and affirm the final decree of the appellate division. The facts of this case insofar as pertinent to this petition are as follows.

During the fall of 1985 Benders served as the chief steward aboard the RV *Endeavor*, a research vessel operating under the authority of the University of Rhode Island, an agency of the board. On October 26, 1985, while the ship was sailing in the Atlantic Ocean off the coast of Brazil, Benders suffered injuries to his lower back and legs as he worked in the ship's galley. As a result of his injuries, Benders entered into a memorandum of agreement with the State of Rhode Island that was filed with the Workers' Compensation Court on January 13, 1986. He then began receiving benefits from the Rhode Island Employees' Compensation Fund for lost wages and compensation for medical expenses incurred as a result of his injuries.

In 1988 Benders filed an action in Rhode Island Federal District Court against the Board of Governors of Higher Education pursuant to the Merchant Marine Act of 1920, 46 U.S.C. § 688, which is commonly referred to as "the Jones Act" (Jones Act), seeking damages for pain and suffering, lost wages, and medical expenses.[1] The federal action also included a count for loss of consortium for Benders's wife.[2]

Prior to reaching trial in the federal court, the parties settled the suit for $200,000. Before the funds were disbursed, however, the administrator of the Rhode Island Employees' Compensation Fund placed a lien on the moneys in order to recover the sum in excess of $132,000 that had previously been paid to Benders under the memorandum of agreement of 1986. In dissolving the lien, the Federal District Court found that the previous payments made by the state compensation system had been taken into account by the parties when reaching the settlement and that, in effect, "[t]he lien would force Mr. Benders to pay from his settlement that which has already been deducted from the settlement." *Benders v. Board of Governors for Higher Education*, 728 F.Supp. 839, 843 (D.R.I.1990).[3] The federal court concluded, therefore, that the payments previously made could not be offset against the settlement funds, especially given that the parties to the settlement were not notified of the administrator's intention prior to reaching the settlement. *Id.* at 844.

Three separate motions subsequently were brought before the Rhode Island Workers' Compensation Court relating to the memorandum of agreement of 1986. Benders

---

1. The Jones Act states in pertinent part:
   "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." 46 U.S.C. § 688(a).

2. Although the claim for consortium was apparently not challenged in the case filed by Benders and his wife, the Supreme Court of the United States has indicated in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 33, 111 S.Ct. 317, 325, 112 L.Ed.2d 275, 291 (1990), that such claims are not cognizable under the Jones Act. *See also Rollins v. Peterson Builders Inc.*, 761 F.Supp. 943, 948 (D.R.I.1991).

3. Since the State is self-insured, the amount paid by the State on behalf of its subordinate entity, the board, was considered by the federal court to be part of the overall compensation awarded pursuant to the Jones Act litigation settlement. Although not specifically articulated, this was the rationale for vacating the lien asserted by the administrator of the Rhode Island Employees' Compensation Fund.

moved to compel the board to pay medical expenses not paid since the federal court settlement. Benders also moved to amend the memorandum of agreement to include the board rather than the State of Rhode Island as the employer.[4] The board moved to extinguish any obligations it may have to Benders because he recovered fully and exclusively under the Jones Act.

The Workers' Compensation Court found for the board and extinguished any obligation it had to Benders arising from his injuries aboard the *Endeavor.* The Appellate Division of the Workers' Compensation Court affirmed the ruling of the lower court, and this case is now before us on a petition for certiorari seeking review of the final decree of the appellate division.

The issue before us can be resolved quite simply by ruling that double recovery is not allowed for the same injuries under two different compensation plans. Because Benders has recovered under the Jones Act, he may not recover again under the state compensation statute. However, Benders's action is more fundamentally flawed in that, as a seaman eligible for recovery under the Jones Act, he does not qualify for recovery under the state workers' compensation system.

As an initial matter, continued recovery under the state compensation plan is unavailable to Benders because he fully recovered for his injuries in his federal Jones Act action. In his federal suit Benders sought "damages for pain and suffering, lost wages, and medical expenses." *Benders,* 728 F.Supp. at 840. In the $200,000 settlement of the federal action, he recovered for his injuries. Recovery under the state law provides no greater recovery than that provided under the Jones Act. In fact recovery under the Jones Act allows for compensation for pain and suffering, which is not compensable under the state workers' compensation law. Because the Jones Act recovery contemplated compensation for lost wages and medical expenses, we cannot allow the state compensation system to compensate Benders further for the same injuries. This would be double recovery.

An injured worker is not allowed to recover twice for the same injury. *See Brimbau v. Ausdale Equipment Rental Corp.,* 119 R.I. 14, 19, 376 A.2d 1058, 1061 (1977) ("one who is injured may not reap the benefits of a double recovery; that is, he cannot receive both [workers'] compensation benefits *and* damages from the tortfeasor"). Moreover, both federal and other state courts have stated that an injured maritime worker is not allowed to recover twice for the same maritime-related injury—once under federal maritime law and again under the state workers' compensation plan. *See, e.g., Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 725 n. 8, 100 S.Ct. 2432, 2439 n. 8, 65 L.Ed.2d 458, 466 n. 8 (1980) (stating that double recovery would not be allowed and offset would be required between federal recovery under the Longshoremen's and Harbor Workers' Compensation Act and concurrent state law recovery for the same injury); *State Department of Public Safety v. Brown,* 794 P.2d 108, 110 n. 1 (Alaska 1990) (no double recovery would be allowed under state scheme and Jones Act); *Indiana & Michigan Electric Co. v. Workers' Compensation Commissioner,* 184 W.Va. 673, 403 S.E.2d 416, 420 (1991) (no double

---

4. In the decision below and in the parties' briefs, much attention was focused on whether the Board of Governors for Higher Education could be substituted for the "State of Rhode Island" in the memorandum of agreement or whether any action could be maintained at all in the Workers' Compensation Court because the statute of limitations had run for the period to bring a claim against the Board. *See* G.L.1956 (1986 Reenactment) § 28–35–57 (providing a three-year statute of limitation for bringing a compensation claim).

It appears that the original memorandum of agreement was entered into erroneously by the State of Rhode Island believing that the State was Benders's employer. The Board of Gover-
nors for Higher Education was created as a public corporation empowered to control all aspects of postsecondary public education in Rhode Island, including all operation of the University of Rhode Island. General Laws 1956 (1988 Reenactment) § 16–59–1. This power also includes the right of the board to sue and be sued in its own name. *Id.* Therefore, Benders was employed by the board and not the State. However, because the case may be disposed of on the merits of the underlying claim, it is unnecessary for us to decide any questions of amendments of parties' names or of the possible estoppel effect of the previous payments made to Benders.

recovery allowed in Jones Act case, citing U.S. Supreme Court in *Sun Ship* ).

■ Benders presses two arguments on this point. First, he alleges that continued payment of medical expenses and lost wages from the state system was contemplated when he and the board settled the Jones Act action. However beyond Benders's assertion there is no evidence in the record that the parties contemplated this continued recovery. There is no document in the record below that states that this was the intention of the parties in reaching the federal settlement. Additionally there is nothing in the decision of the Federal District Court that indicates this to be the intention of the parties to the Jones Act settlement. Absent any such evidence in the record, we cannot find that continued compensation under the state system was part of the federal settlement and conclude that the full recovery contemplated was $200,000.

Second, Benders argues that because the Federal District Court found that the parties had contemplated the inclusion of previously paid state compensation as part of the settlement, it therefore implicitly follows that continued payments under the state compensation system were also part of the settlement arrangement. We disagree. If the federal court finding suggests anything, it suggests that the value of future payments was also contemplated and factored into the settlement amount. It would be illogical to believe that prior moneys realized by Benders were factored into the amount of the settlement but that future moneys not realized would not be considered in establishing the figure. Either both paid and unpaid state compensation would be considered or neither would be. The amount should be presumed to settle the board's total liability, not just selected pieces of it.

■ As stated above, beyond the issue of double recovery lies a more fundamental flaw in Benders's claim. As a seaman who may recover under the Jones Act, in this instance he is limited exclusively to his federal remedy.

■ The interrelation of federal and state law as it applies to injuries to maritime work-

ers is often complex. Traditionally the law of the sea is federal in nature and falls under the jurisdiction of the federal courts. *See* U.S. Const.Art. III, § 2 ("[t]he judicial power [of the federal courts] shall extend * * * to all cases of admiralty and maritime jurisdiction"); 28 U.S.C. § 1333 ("[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled"). Earlier in this century the United States Supreme Court found that there were certain times when, in the interest of a uniform maritime law in the United States, maritime workers were prohibited from availing themselves of state-law remedies when injured. Three years before the enactment of the Jones Act, the Court held, in *Southern Pacific Co. v. Jensen,* 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917), that New York could not constitutionally apply its workers' compensation system to an injury incurred on a steamship within the navigable waters of the United States. The Court acknowledged that it is "difficult, if not impossible, to define with exactness just how far the general maritime law may be changed, modified, or affected by state legislation. [Yet that] this may be done to some extent cannot be denied." *Id.* at 216, 37 S.Ct. at 529, 61 L.Ed. at 1098. The Court ultimately concluded, however, that in the interest of uniformity of general maritime law as it related to the injury of maritime workers, the state could not provide its own statutory worker's compensation recovery to an injured maritime worker. We recognized the *Jensen* rule in *Duffy v. Providence Teaming Co.,* 49 R.I. 476, 144 A. 106 (1929), and held that a stevedore injured on a ship in Narragansett Bay was precluded from recovery under Rhode Island's Workmen's Compensation Law and was limited to his federal recovery.

In 1930 the United States Supreme Court addressed whether the congressional enactment of the Jones Act precluded the application of the Virginia wrongful-death statute to a seaman who died while serving on a vessel. In *Lindgren v. United States,* 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930), the Court

concluded that the Jones Act "operates uniformly within all of the States * * * and that, as it covers the entire field of liability for injuries to seamen, it is paramount and exclusive, and supersedes the operation of all state statutes dealing with that subject." *Id.* at 47, 50 S.Ct. at 211, 74 L.Ed. at 693.

■ Since *Jensen* and *Lindgren,* in order to avoid the harsh result of uncovered or undercovered workers, courts have modified, but not obliterated, the line between the applications of federal and of state law to maritime workers. First, in maritime matters that are of purely local concern, a state compensation claim validly may lie. Because the interest in the uniformity of maritime law becomes less important when the matters are purely local, the state may apply its workers' compensation scheme and not be in violation of the federal prohibition. *See, e.g., United Dredging Co. v. Lindberg,* 18 F.2d 453, 454 (5th Cir.), *cert. denied,* 274 U.S. 759, 47 S.Ct. 769, 71 L.Ed. 1337 (1927); *Garrisey v. Westshore Marina Associates,* 2 Wash.App. 718, 721, 469 P.2d 590, 593 (1970); *see also,* 4 Arthur Larson, *The Law of Workmen's Compensation,* § 90.30 at 16–491 (1990), and cases cited therein.

This court similarly has recognized the "maritime but local" exception to the *Jensen* rule. In *Asselin v. Blount,* 65 R.I. 293, 14 A.2d 696 (1940), the injured worker was cultivating an oyster bed in an inland navigable waterway. We recognized that the worker's employment was "essentially local in character" and "pertained almost wholly to the land." *Id.,* 65 R.I. at 302, 14 A.2d at 700. In concluding that the state compensation system should apply to the worker, we stated that "the state [Workers'] Compensation Act * * * applie[s], if the [worker's] employment pertain[s] substantially to local matters and only incidentally to navigation." *Id.*

Unlike the worker in *Asselin,* Benders was not engaged in essentially "local" activities when he was injured. He was working in the galley of a ship while it was sailing on the high seas off the South American coast. In all other respects, federal admiralty and maritime law govern the relationships within the vessel and the relationship of the *Endeavor* to the other ships at sea. The *Jensen* rule applies in this instance, and the covered seaman is left to his federal remedy.

It should also be noted that this is not a case wherein the injured worker falls within a so-called twilight zone between federal and state recovery and would have no remedy for his injury. The United States Supreme Court first created the concept of a coverage for a "twilight zone" as it related to injuries to land-based maritime workers covered under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950. In determining whether state law or the LHWCA applied to the injuries to land-based maritime workers, the Court recognized that no clear line existed to determine which compensation regime ruled but rather that a twilight zone existed wherein a case-by-case determination needed to be made about whether the state or the federal remedy would compensate a worker. *Davis v. Department of Labor and Industries of Washington,* 317 U.S. 249, 256, 63 S.Ct. 225, 229, 87 L.Ed. 246, 250 (1942).

Although the Court later recognized congressional amendment to the LHWCA (which extended the reach of the act "landward beyond the shoreline of the navigable waters of the United States") and rejected any argument about the exclusivity of the LHWCA or state compensation schemes for various activities of workers covered under the LHWCA, *see Sun Ship, Inc. v. Pennsylvania,* 447 U.S. at 719, 100 S.Ct. at 2436, 65 L.Ed.2d at 462,[5] neither Congress nor the Court has ever abrogated *Jensen* as it relates to seamen covered under the Jones Act.

The United States Supreme Court has never decided whether a twilight zone exists for workers whose activities may fall between a Jones Act remedy and a state workers' compensation plan, although a commentator has suggested that such an analysis should

---

**5.** In following *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980), this court recognized the "concurrent jurisdiction" and "complementary remedies" of the LHWCA and the Rhode Island's workers' compensation system for land-based maritime workers. *Young v. General Dynamics,* 494 A.2d 100, 102 (R.I.1985).

exist for those workers who may fall within the gap of coverage. *See* 4 A. Larson, § 90.41 at 16–495.[6] In this instance, however, Benders does not fall within that gap. By the settlement agreement in federal court, he was recognized to be a seaman covered by the Jones Act. He does not need to benefit from a twilight-zone analysis, nor, as stated above, is his injury a matter of particular local concern. The *Jensen* rule continues to apply, and Benders is prohibited from state-law recovery.[7]

Other state courts that have considered this issue have upheld the application of the *Jensen* rule and found that a seaman eligible under the Jones Act is prohibited from receiving recovery under a state's workers' compensation system. *See Anderson v. Alaska Packers Association*, 635 P.2d 1182, 1186 (Alaska 1981) ("[w]here the facts * * * show a claimant engaged in wholly maritime work, the courts have declined to lengthen the shadow of the twilight zone, and have remitted the claimants to their federal remedies"); *Bearden v. Leon C. Breaux Towing Co.*, 365 So.2d 1192, 1195 (La.Ct.App.1978) ("[s]ince the line drawn by *Jensen* still remains, and because we are dealing with a 'seaman' who may sue under the Jones Act, it is constitutionally mandated that plaintiff * * * may not have the benefits of the Louisiana Workmen's Compensation Act"); *Valley Towing Co. v. Allen*, 236 Miss. 51, 63, 109 So.2d 538, 542 (1959) ("it appears to be settled that a state compensation act, even though elective, cannot be made applicable to injuries sustained by [workers] employed under maritime contracts [when] the particular

employment is of a maritime nature and the injury occurs on water within admiralty jurisdiction, except in the case of matters of purely local concern"); *Indiana & Michigan Electric Co. v. Workers' Compensation Commissioner*, 184 W.Va. 673, 403 S.E.2d 416, 421 (1991) (a mechanic on a coal barge, considered a seaman, is afforded an exclusive remedy under the Jones Act).

We hold that Benders is not allowed double recovery for his injuries under the Jones Act and the Rhode Island workers' compensation system. Moreover, we find that as a seaman eligible for recovery under the Jones Act, he is ineligible to be compensated under the state plan and is left to his federal remedy. The petition for certiorari is denied. The writ heretofore issued is quashed and the final decree of the appellate division is affirmed. The papers in this case may be remanded to the Workers' Compensation Court with our decision endorsed thereon.

---

**6.** Professor Larson cites to only one case where a court has specifically adopted a twilight-zone analysis for the overlap between the Jones Act and a state workers' compensation scheme. A. Larson, *The Law of Workmen's Compensation*, § 90.41 at 16–497 (1990) (citing *Maryland Casualty Co. v. Toups*, 172 F.2d 542 (5th Cir.1949)). However, because a worker seeking recovery in the twilight zone between the Jones Act and state workers' compensation system could be left with no recovery at all for an injury (as opposed to those seeking recovery between the LHWCA and a state scheme, which would just lead to a difference of recovery under two different scales of compensation), Professor Larson suggests that

"the best approach would seem to be to allow the trier of fact the same kind of broad discre-

tion as in the longshoremen's conflicts cases, within the broadest interpretation of the doctrine of local concern, and with a minimum of interference by appellate courts as long as errors of law are avoided." 4 A. Larson, § 90.41 at 16–504.

**7.** In 1973 the United States Supreme Court stated that the *Jensen* rule has been confined to its facts—"to suits relating to the relationship of vessels, plying the high seas and our navigable waters, and to their crews." *Askew v. American Waterways Operators, Inc.*, 411 U.S. 325, 344, 93 S.Ct. 1590, 1601, 36 L.Ed.2d 280, 293 (1973). Benders fits well within that prohibition and thereby is not allowed recovery under the state workers' compensation system.